**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INFOBLOX INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _______________ |
| | ) | |
| BLUECAT NETWORKS (USA), INC.,<br>BLUECAT NETWORKS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Infoblox Inc. ("Infoblox") for its Complaint against defendants BlueCat Networks (USA), Inc. and BlueCat Networks, Inc. (collectively "BlueCat") avers the following:

## NATURE OF THE ACTION

1. This is a civil action for a declaratory judgment finding United States Patent Nos. 6,098,098 ("the '098 patent"), attached hereto as Exhibit A, and 6,532,217 ("the '217 patent"), attached hereto as Exhibit B, (collectively, "the patents-in-suit") invalid and not infringed.

## PARTIES

2. Plaintiff Infoblox is a Delaware corporation with its principal place of business at 4750 Patrick Henry Drive, Santa Clara, California. Infoblox is a leading developer of network infrastructure solutions for businesses and other organizations, including technology that automates the delivery and management of domain name services ("DNS"), dynamic host configuration protocol services ("DHCP"), and Internet Protocol address management services ("IPAM").

3. Defendant BlueCat Networks (USA) Inc. is a Delaware corporation with its principal place of business at 4101 Yonge Street, Suite 502, Toronto, Ontario, Canada. BlueCat

Networks (USA) Inc. also provides DNS, DHCP and IPAM appliances, management software and tools. On information and belief, BlueCat Networks (USA) Inc. transacts business related to its IPAM products and services throughout the United States, including within the boundaries of this district.

4. Defendant BlueCat Networks Inc. is a Canadian corporation registered in Ontario, Canada, with its principal place of business at 4101 Yonge Street, Suite 502, Toronto, Ontario, Canada. BlueCat Networks Inc. also provides DNS, DHCP and IPAM appliances, management software and tools. On information and belief, BlueCat Networks Inc. transacts business related to its IPAM products and services throughout the United States, including within the boundaries of this district.

5. BlueCat Networks Inc. is a wholly-owned subsidiary corporation of BlueCat Networks (USA) Inc. and operates as a contractor on behalf of its United States parent.

## JURISDICTION

6. This action arises under the patent laws of the United States, Title 35 of the United States Code, and under the Declaratory Judgment Act, 28 U.S.C. § 2201. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

7. On Friday, June 24, 2011, counsel for BlueCat informed counsel for Infoblox of BlueCat's recent acquisition of the patents-in-suit. In the same communication, counsel for BlueCat provided a notice of infringement by Infoblox, including purportedly detailed examples of Infoblox's allegedly infringing products.

8. An actual, live and justiciable controversy exists between Infoblox and BlueCat as to whether the patents-in-suit are invalid, and/or not infringed by Infoblox.

## VENUE

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because a substantial part of the events which give rise to the claims herein occurred in this district, and BlueCat Networks (USA) Inc. is incorporated in and is subject to personal jurisdiction in this district. On information and belief, BlueCat Networks (USA) Inc. and BlueCat Networks Inc. transact business related to their IPAM products and services, including the sale of said products and services, within this district

## FIRST CLAIM FOR RELIEF
**(Declaration of Non-Infringement of U.S. Patent No. 6,098,098)**

10. Infoblox restates and incorporates by reference each of the averments of paragraphs 1 through 8 of its Complaint.

11. BlueCat claims to be the owner of U.S. Patent No. 6,098,098.

12. BlueCat has alleged that Infoblox infringes the ’098 patent.

13. Infoblox is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the ’098 patent, and BlueCat is entitled to no relief.

14. Absent a declaration of non-infringement of the ’098 patent, BlueCat will continue to assert the ’098 patent against Infoblox and will in this way cause damage to Infoblox.

15. Infoblox seeks a declaration that it has not and does not infringe the ’098 patent and that it is not otherwise liable as an infringer.

## SECOND CLAIM FOR RELIEF
**(Declaration of Non-Infringement of U.S. Patent No. 6,532,217)**

16. Infoblox restates and incorporates by reference each of the averments of paragraphs 1 through 8 of its Complaint.

17. BlueCat claims to be the owner of U.S. Patent No. 6,532,217.

18. BlueCat has alleged that Infoblox infringes the ’217 patent.

19. Infoblox is not infringing, has not infringed, and is not liable for any infringement of any valid claim of the ’217 patent, and BlueCat is entitled to no relief.

20. Absent a declaration of non-infringement of the ’217 patent, BlueCat will continue to assert the ’217 patent against Infoblox and will in this way cause damage to Infoblox.

21. Infoblox seeks a declaration that it has not and does not infringe the ’217 patent and that it is not otherwise liable as an infringer.

**THIRD CLAIM FOR RELIEF**
**(Declaration of Invalidity of U.S. Patent No. 6,098,098)**

22. Infoblox restates and incorporates by reference each of the averments of paragraphs 1 through 8 of its Complaint.

23. BlueCat claims to be the owner of U.S. Patent No. 6,098,098.

24. BlueCat has alleged that Infoblox infringes the ’098 patent.

25. The ’098 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. Absent a declaration of invalidity of the ’098 patent, BlueCat will continue to assert the ’098 patent against Infoblox and will in this way cause damage to Infoblox.

27. Infoblox seeks a declaration that the claims of the ’098 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH CLAIM FOR RELIEF**
**(Declaration of Invalidity of U.S. Patent No. 6,532,217)**

28. Infoblox restates and incorporates by reference each of the averments of paragraphs 1 through 8 of its Complaint.

29. BlueCat claims to be the owner of U.S. Patent No. 6,532,217.

30. BlueCat has alleged that Infoblox infringes the ’217 patent.

31. The ’217 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

32. Absent a declaration of invalidity of the ’217 patent, BlueCat will continue to assert the ’217 patent against Infoblox and will in this way cause damage to Infoblox.

33. Infoblox seeks a declaration that the claims of the ’217 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Infoblox prays for judgment against defendant BlueCat as follows:

a) for entry of judgment declaring that the claims of U.S. Patent No. 6,098,098 are not infringed by Infoblox and that Infoblox is not liable as an infringer;

b) for entry of judgment declaring that the claims of U.S. Patent No. 6,532,217 are not infringed by Infoblox and that Infoblox is not liable as an infringer;

c) for entry of judgment declaring that the claims of U.S. Patent No. 6,098,098 are invalid;

d) for entry of judgment declaring that the claims of U.S. Patent No. 6,532,217 are invalid;

e) that the case be declared exceptional and that Infoblox be awarded its attorneys' fees; and

f) that Infoblox have such other and further relief as the Court shall deem just and proper.

**DEMAND FOR JURY TRIAL**

Infoblox demands trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: *_/s/ Richard L. Horwitz_*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff Infoblox Inc.*

OF COUNSEL:

Charlene M. Morrow
Virginia K. DeMarchi
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Tel: (650) 988-8500

Dated: June 27, 2011
1019078